UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINE THOMPSON TREMONT,<br><br>Plaintiff<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 2:14-cv-9906 (GJS)<br><br>**MEMORANDUM OPINION AND ORDER** |

## INTRODUCTION

Tremont appealed the Commissioner's decision that she was not entitled to disability benefits. For the reasons stated below, the Court remands this case.[1]

**SUMMARY OF THE ADMINISTRATIVE OPINION UNDER REVIEW**

After a hearing, the administrative law judge ("ALJ") applied the sequential evaluation process to find Plaintiff not disabled. *See* 20 C.F.R. §§ 404.1520(b)-

---

[1] On March 22, 2016, this Court issued a Report and Recommendation with the substantively identical analysis presented here. [Dkt. 30.] Thereafter, the parties consented to the undersigned judge for final disposition of this matter. [*See* Dkt. 33.]

(g)(1), 416.920(b)-(g)(1).[2] At Step One, the ALJ concluded that Tremont had not engaged in substantial gainful activity since the application date. [Admin. Rec. ("AR") 18.] At Step Two, the ALJ determined that Tremont suffered from the "following severe impairments: depressive disorder, N.O.S., with anxious features; cognitive disorder, N.O.S., due to chronic alcohol and cocaine abuse; post-traumatic stress disorder (PTSD); history of polysubstance abuse, in remission; hepatitis C; and back pain. [*Id.*] Then, the ALJ found that none of Tremont's impairments, together or alone, qualified as a listing impairment. [*Id.*]

Next, the ALJ assessed Tremont's residual functional capacity ("RFC") as follows:

> [She could] perform light work as defined in 20 CFR 416.967(b) except for limitation to lifting/carrying 10 pounds frequently and 20 pounds occasionally, standing/walking for at least 6 hours per 8-hour workday, no limitations on sitting, frequent climbing, balancing, stooping, kneeling, crouching and crawling, and frequent (not constant) reaching, handling, and fingering. In addition, the claimant is limited to simple repetitive tasks with minimal changes in the work environment, and occasional interaction with coworkers, supervisors, and the public.

[AR 20.] Based on that residual functional capacity, as well as Tremont's age,

---

[2] To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are as follows: (1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two; (2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three; (3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four; (4) Is the claimant capable of performing his past work? If so, the claimant is found not disabled. If not, proceed to step five; (5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled. 20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1).

education, and work experience, the ALJ found that Tremont could perform the representative occupations of parking booth cashier and bench assembly, and thus was not disabled during the relevant period. [AR 24.]

**GOVERNING STANDARD**

Under 42 U.S.C. § 405(g), the Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

"Reversal on account of error is not automatic, but requires a determination of prejudice." *Ludwig v. Astrue,* 681 F.3d 1047, 1054 (9th Cir. 2012). "ALJ errors in social security cases are harmless if they are 'inconsequential to the ultimate nondisability determination' and … 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (quoting *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1055-56 (9th Cir. 2006)).

**DISCUSSION**

**I.  The ALJ Did Not Provide a Clear and Convincing Reason to Reject Tremont's Credibility.**

Although Tremont lodges separate attacks on the ALJ's treatment of her testimony regarding fatigue and her mood impairments, the real question presented is whether the ALJ permissibly found Tremont to be less than fully credible. "Where, as here, an ALJ concludes that a claimant is not malingering, and that she

3

has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms alleged, the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. Nov. 3, 2015) (quoting *Lingenfelter v. Astrue,* 504 F.3d 1028, 1036 (9th Cir. 2007)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* at 493 (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)).

"The ALJ may consider many factors in weighing a claimant's credibility, including (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Tomasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *see also Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (explaining that acceptable bases for credibility determination include (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between her testimony and conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition). Even if "the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony," if he "also provided valid reasons that were supported by the record," the ALJ's error "is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195-97 (9th Cir. 2004)).

Here, the ALJ rejected Tremont's credibility because (1) her testimony was inconsistent with the objective medical evidence that "reflect[s] her symptoms are generally well controlled"; (2) her treatment was "limited and conservative"; and (3) she is "able to engage in a full range of activities of daily living." [AR 23.] The Court concludes that the ALJ's evaluation of Tremont's credibility warrants remand.

**A. The ALJ's conclusion that Tremont's treatment was limited and conservative was not a clear and convincing reason to reject her testimony.**

According to the ALJ here, "[m]edical records show that treating physicians responded with limited and conservative treatment, with the exception of a single psychiatric hospitalization while incarcerated." [AR 23.] It is unquestionable that, in the abstract, such a reason is a proper basis for finding a claimant not to be credible. However, "although a conservative course of treatment can undermine allegations of debilitating pain, such fact is not a proper basis for rejecting the claimant's credibility where the claimant has a good reason for not seeking more aggressive treatment." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). The Commissioner's regulations similarly require an ALJ to "not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment." Soc. Sec. R. ("S.S.R.") 96-7p at 7-8 (*quoted in Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007)).

Here, the reason is neither clear nor convincing. First, the ALJ does not state which treatment she found to be limited and conservative. It may be the treatment of Tremont's fatigue, her thyroid or back, or perhaps her depression. And the ALJ opinion does not say which evidence supports that conclusion. Without a more fulsome analysis, the Court cannot determine the extent to which the treatment was

5

actually "limited and conservative" or the extent to which it could reasonably impact Tremont's credibility.

Second, the ALJ did not acknowledge, much less reconcile, the alleged lack of treatment with Tremont's explanation. A consistent refrain in the evidence favoring Tremont—her own testimony and the treatment by Dr. Hope—is that Tremont's history with addiction prohibited more aggressive drug therapy for her Hepatitis C and fatigue. [*See, e.g.*, AR 46 (Tremont stating that "there isn't any type of medication that I can take for my pain because it triggers my addiction, addictive problems with alcohol and cocaine."); *id.* (explaining that she cannot take Tramadol, Darvocet, Vicodin, aspirin, or anti-inflammatories); AR 446-47.] If true, and if there were no other, non-medication treatments available for the same conditions (again, the Court is not sure which conditions this reason implicated), the rationale for diminishing Tremont's credibility is eroded. The ALJ only mentioned this potential wrinkle by noting that, "[i]n March 2013, Dr. Hope reported that the claimant did not take any over-the-counter pain medications due to hepatitis C and history of substance abuse, despite 'significant' pain." [AR 21.] But that single statement does not address the potential effect that the polysubstance abuse might have had on appropriate medical treatment. And neither the ALJ nor the Commissioner identifies any medical evidence or opinion suggesting that she could take pain medication.

Ultimately, the ALJ's invocation of "conservative treatment" as a basis for rejecting Tremont's credibility assumes that she should have taken pain medication, even though it may have induced relapse or otherwise had deleterious effects on her liver. That might be the right outcome, but the ALJ does not provide the necessary analysis to support that conclusion. Instead, the ALJ leaves Tremont in the horns of a dilemma: relapse or be found not to be disabled. Because the ALJ's analysis violates S.S.R. 96-7p, this too is not a clear and convincing reason.

**B.** **The ALJ's conclusion that Tremont could engaged in a full range of activities of daily living was not clear, convincing, and supported by substantial evidence.**

An ALJ may rely on "testimony about the claimant's daily activities" to "discredit an allegation of pain." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). The underlying theory is that if "a claimant is able to perform household chores and other activities that involve many of the same physical tasks as a particular type of job, it would not be farfetched for an ALJ to conclude that the claimant's pain does not prevent the claimant from working." *Id.*

That said, the Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day[.]" *Garrison v. Colvin*, 759 F.3d 995, 1015-16 (9th Cir. 2014). This is because "[t]he Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits," *Fair*, 885 F.2d at 603, and "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability," *Vertigan v. Halter*, 260 F.3d 1044, 1049-50 (9th Cir. 2001). But "[i]f a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (cited in *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)).

Here, it is a close call whether the ALJ's conclusion that "the claimant is able to engage in a full range of activities of daily living" is a clear and convincing reason to find Tremont less than credible. [*See* AR 23.] In favor of finding Tremont not

disabled, the ALJ states that "recent examination shows the claimant is able to perform activities of daily living, including caring for her children, preparing meals, doing chores, shopping and going out alone, … [and] college attendance." [*Id.*] In addition, Tremont's friend, Fred Aredondo, identified a number of activities that Tremont could engage in, at least as of 2007, such as grocery shopping, painting as a hobby, performing some yard work (albeit slowly), taking public transportation, and caring for her children and pets (albeit with assistance). [AR 22.] Moreover, Dr. Portnoff, a consultative psychological examiner, concluded that "[f]rom a strictly psychological standpoint, there are mild restrictions in daily activities[.]" [AR 20-21, 237.]

On the other hand, Tremont's testimony suggests that although she can perform many of these things, she can do so only for a limited period. For example, her "mom and [her] older children do most of the work around the house," and from noon to five, she requires rest. [AR 40, 41; *see also* AR 43.] And, according to Tremont, she had "extreme fatigue," caused largely by her inconsistent sleep and insomnia. [AR 22, 38.]

Although a close call, the Court finds that this reason is not clear and convincing because the ALJ did not, as the Ninth Circuit requires, explain (even summarily) how Tremont's daily activities were consistent with a full work day. *See Morgan*, 169 F.3d at 600. Indeed, in *Stubbs-Danielson v. Astrue*, 529 F.3d 1169, 1175 (9th Cir. 2008)—the case the Commissioner relies upon—the ALJ found that the daily "activities tend to suggest that the claimant may still be capable of performing the basic demands of competitive, remunerative, unskilled work on a sustained basis." The ALJ makes no similar finding here, and in light of Tremont's testimony that her fatigue limited her daily activities, the ALJ needed to make the specific finding that *Morgan* requires.

### C. The Court will not assess the third reason the ALJ proffers because it cannot, standing alone, constitute a clear and convincing reason supporting a finding that Tremont is not credible.

The ALJ's third reason for finding Tremont not to be credible was that "progress notes reflect her symptoms are generally well controlled." [AR 23.] As the Ninth Circuit has oft held, an ALJ may not find a claimant not to be credible "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); *e.g.*, *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) ("the adjudicator may not discredit the claimant's allegations of the severity of pain solely on the ground that the allegations are unsupported by objective medical evidence.") Of course, "[a]lthough lack of medical evidence cannot form the sole basis for discounting [subjective] testimony, it is a factor that the ALJ can consider in his credibility analysis." *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Because the correctness of this determination is not germane to the Court's conclusion, the Court does not address whether the ALJ correctly found Tremont's testimony inconsistent with the objective medical evidence.

### D. Harmless Error

The Commissioner does not argue that if any error occurred, it was harmless. For the reasons stated above, the Court cannot confidently "conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Marsh*, 792 F.3d at 1173. Accordingly, the errors warrant remand.

## II. Other Issues

In light of the Court's determination that the case be remanded, it does not address the other issues raised by Tremont, except to note that none of the issues presented would warrant a remand for benefits.

* * * *

1    Tremont and the ALJ should not overread this decision.  Although remand is
2 required, the Court is not suggesting that Tremont ought to be found credible, and
3 certainly not that she is entitled to benefits.  In fact, the Court is not even stating that
4 the reasons the ALJ relied upon are invalid.  Rather, the Court's analysis reflects
5 only that the ALJ's analysis does not technically survive scrutiny under the
6 applicable Ninth Circuit law.

## CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the Report and Recommendation issued on March 22, 2016 is VACATED;

(2) the decision of the Commissioner is REVERSED and this matter REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(3) Judgment be entered in favor of Plaintiff.

**IT IS HEREBY ORDERED.**

DATED: March 31, 2016

GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE